UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PETER ARCHER,<br><br>        Plaintiff,<br><br>    v.<br><br>DIDEM NISANCI, et al.,<br><br>        Defendants. | No. 2: 23-cv-1469 KJN P<br><br><br><u>ORDER</u> |

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
2 § 1915(b)(2).

3     The court is required to screen complaints brought by prisoners seeking relief against a
4 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
5 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
6 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

8     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
12 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
15 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
16 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
17 1227.

18     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
19 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
21 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
23 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
24 sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
25 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
26 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
27 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
28 quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

2

1  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
2  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
3  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4        Named as defendants are Treasury Secretary Yellen and Treasury Director Nisanci.
5  Plaintiff's complaint contains two claims for relief.  In claim one, plaintiff alleges violations of
6  the Sherman Act (15 U.S.C. § 1), twenty-three different sections of the United States Code and
7  several California statutes.  (ECF No. 1 at 3-4.)  Plaintiff's allegations in support of these claims
8  are vague and conclusory in that plaintiff does not specifically allege how defendants violated
9  each of the cited statutes.  (Id. at 4-8.)  Accordingly, claim one is dismissed with leave to amend.
10 Fed. R. Civ. P. 8(a)(2) (complaint must contain a short and plain statement of the claims); Jones
11 v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (a complaint must give fair notice
12 and state the elements of the claim plainly and succinctly; plaintiff must allege with at least some
13 degree of particularity overt acts which defendants engaged in that support plaintiff's claim).

14       In claim two, plaintiff alleges violations of the Sherman Act and several sections of the
15 United States Code.  (Id. at 8.)  Plaintiff's allegations in support of these claims are vague and
16 conclusory in that plaintiff does not specifically allege how defendants violated each of the cited
17 statutes.  (Id. at 8-13.)  Accordingly, claim two is dismissed with leave to amend.  Fed. R. Civ.
18 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d at 649.

19       The undersigned observes that plaintiff attaches several exhibits to his complaint.  The
20 court is not required to comb through these exhibits on plaintiff's behalf in order to determine
21 whether plaintiff states potentially colorable claims.

22       Plaintiff is informed that the court cannot refer to a prior pleading in order to make
23 plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
24 complete in itself without reference to any prior pleading.  This requirement exists because, as a
25 general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of
26 San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the
27 original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once
28 plaintiff files an amended complaint, the original pleading no longer serves any function in the

case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 8, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Arch1469.14

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOHN PETER ARCHER, | No. 2: 23-cv-1469 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| DIDEM NISANCI, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____    Amended Complaint

                                                    _____
                                                    Plaintiff

5