UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PETER ARCHER,<br><br>            Plaintiff,<br><br>       v.<br><br>DIDEM NISANCI, et al.,<br><br>            Defendants. | No. 2: 23-cv-1469 WBS KJN P<br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 8, 2023, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 8.) Pending before the court is plaintiff's amended complaint and motion for a preliminary injunction. (ECF Nos. 15, 16.)

For the reasons stated herein, the undersigned recommends that this action be dismissed and that plaintiff's motion for injunctive relief be denied.

Amended Complaint

*Screening Standards*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

*Discussion*

As in the original complaint, named as defendants in the amended complaint are Treasury Secretary Yellen and Treasury Director Niscani.  Plaintiff also names a doe defendant.  Plaintiff's

amended complaint includes two claims.  In claim one, plaintiff alleges that defendants violated California Penal Code § 532.  In claim two, plaintiff alleges that defendants violated California Penal Code § 472.  Plaintiff appears to claim that defendants violated these sections of the California Penal Code by taking property belonging to plaintiff.

California Penal Code § 532 criminalizes the fraudulent acquisition of "money, labor, or property, whether real or personal."   California Penal Code § 487 defines grand theft.  Neither California Penal Code § 532 nor California Penal Code § 487 give rise to a private cause of action.  Edelmania Productions, LLC v. Jordan Service, 2023 WL 424238, at *8 (C.D. Cal. Jan. 26, 2023) (California Penal Code § 532 does not give rise to private cause of action); Deville v. Specialized Loan Servicing, LLC, 2020 WL 13267725, at * 4 (C.D. Cal. Sept. 9, 2020) (California Penal Code § 487 provides no basis for civil liability).  For these reasons, claims one and two fail to state potentially colorable claims for relief.

As discussed above, plaintiff has been granted an opportunity to amend his complaint.  After reviewing the amended complaint, the undersigned finds that plaintiff cannot cure the pleading defects.  Accordingly, the undersigned recommends that this action be dismissed.  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Plaintiff's Motion for Injunctive Relief (ECF No. 16)

Plaintiff requests a court order directing prison officials to allow plaintiff to remain at Facility B at Mule Creek State Prison ("MCSP").  Plaintiff appears to claim that he may be transferred away due to a change in his "point score" caused by his alleged inability to attend educational classes.

Because the undersigned recommends dismissal of this action, there is no case or controversy before the court.  See Koch v. Price, 2019 WL 2577199, at * 1-2 (E.D. Cal. June 24, 2019) (and cases cited therein).  On these grounds, the undersigned recommends that plaintiff's motion for injunctive relief be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed; and

2. Plaintiff's motion for injunctive relief (ECF No. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 6, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Arch1469.56