UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PETER ARCHER, | No. 2:23-cv-1469 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| DIDEM NISANCI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with this civil rights action. On November 22, 2023, the court dismissed this action and judgment was entered. (ECF Nos. 19, 20.) Pending before the court is plaintiff's motion for reconsideration of the November 22, 2023 order dismissing this action. (ECF No. 21.) For the reasons stated herein, plaintiff's motion for reconsideration is denied.

A motion for reconsideration may be brought under Federal Rule of Civil Procedure 59(e) or 60(b). Samuels v. Lizarraga, 2021 WL 662272, at *1 (S.D. Cal Feb. 19, 2021). A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. Am. Ironworks & Erectors, Inc. v. N. Am. Construction Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (finding that a motion for reconsideration is treated as a motion under Rule 59(e) if it is timely filed under that rule and as a motion under Rule 60(b) otherwise).

1

Here, the order referenced was filed on November 22, 2023, and the pending motion was filed twenty-two days later on December 14, 2023. (ECF Nos. 19, 21). Accordingly, the court finds that plaintiff's motion is brought under Rule 59(e). See Am. Ironworks & Erectors, Inc., 248 F.3d at 898-99.

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).

On September 6, 2023, the magistrate judge recommended that this action be dismissed on the grounds that plaintiff's first amended complaint failed to state a potentially colorable claim for relief. (ECF No. 17.) The magistrate judge also recommended that plaintiff be denied leave to amend because plaintiff could not cure the pleading defects. (Id.) On November 22, 2023, this court adopted the September 6, 2023 findings and recommendations. (ECF No. 19.)

In the pending motion for reconsideration, plaintiff seeks leave to file a second amended complaint. (ECF No. 21.) Having reviewed the pending motion, this court finds that plaintiff does not identify any basis under Rule 59(e) upon which this court should reconsider its order dismissing this action without leave to amend. This court will therefore deny plaintiff's motion for reconsideration of the court's November 22 2023 order.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 21) of the November 22, 2023 order dismissing this action is denied.

Dated: January 1, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Arch1469.rec